UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-89-FDW

| JORDAN ANDREWS JONES, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| GEORGE T. SOLOMON, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration, (Doc. No. 15), of the Court's Order on initial review. See (Doc. No. 11).

Plaintiff seeks reconsideration of the Court's dismissal of several of his claims on initial review and the denial of his request for the appointment of counsel. A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice. Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002); see Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill, 277 F.3d at 708. The circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

1

Plaintiff reiterates his claims for relief and attempts to demonstrate their sufficiency to proceed. He also argues that the denial of his request for the appointment of counsel should be reconsidered due to the serious nature of the alleged constitutional violations. Plaintiff fails to satisfy Rule 59 and his motion for reconsideration will be denied.

If Plaintiff wishes to file new or different claims and/or make changes to the named defendants, he must do so via an Amended Complaint which would be subject to all procedural and timeliness requirements. See Fed. R. Civ. P. 15. Piecemeal filings will not be permitted. Plaintiff is reminded that, despite his *pro se* status, he must comply with all applicable procedures and rules including the Federal Rules of Civil Procedure and the Court's Local Rules. His attention is particularly drawn to Rule 8(a)(2) of the Federal Rules of Civil Procedure which requires a "short and plain" statement of the claim. Any Amended Complaint will supersede the original Complaint and therefore any Defendants or claims not contained in the Amended Complaint will be waived. Plaintiff must include the case number on his Amended Complaint so that it is docketed in the correct case.

To the extent Plaintiff seeks to "compel" discovery, this request is premature and has been misdirected to the Court. See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); Local Rule 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); Local Rule 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition.").

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion for Reconsideration, (Doc. No. 15), is **DENIED** for the reasons set forth in this Order.

(2) The Clerk of Court is instructed to mail Plaintiff a blank copy of the § 1983 Complaint form.

Signed: October 5, 2018

Frank D. Whitney
Chief United States District Judge