UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-89-FDW

| | |
|---|---|
| JORDAN ANDREW JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GEORGE T. SOLOMON, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on *pro se* Plaintiff's Motion for Leave to Respond in Opposition of Answer of Defendants Ball, Guice, Perry, Taylor, and Carroll, (Doc. No. 51), Motion for Leave to Respond in Opposition of Answer of Defendant Solomon, (Doc. No. 52), Declarations for Entry of Default Against Defendants Guice, Taylor, Perry, and Doe, (Doc. Nos. 49, 54), and Motions for Default Judgment Against Defendants Guice, Taylor, Perry, and Doe. (Doc. Nos. 55, 56).

The *pro se* incarcerated Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Avery-Mitchell and Lanesboro Correctional Institutions. (Doc. No. 1). The Complaint passed initial review on allegations about the conditions of confinement and due process with regards to restrictive housing against Defendants Ball, Buchanan, Carpenter, Cooper, Guice, Lewis, Lowery, Perry, Reel; due process with regards to discipline against Defendant Mull, and retaliation against Defendants Ball, Penland, Taylor, Laughrun. The North Carolina Department of Public Safety waived service of process with regards to Defendants Lowry, Reel, Carpenter, Cooper, Lewis, Penland, Laughrun, Mull, and Buchanan, (Doc. No. 17), and provided the last known addresses for Defendants Guice, Perry, Ball, and

1

Taylor, (Doc. No. 18). The Court entered an Order directing the U.S. Marshal to serve Defendants Guice, Perry, Ball, and Taylor with the Complaint on October 12, 2018. (Doc. No. 19). On November 27, 2018, Defendants Buchanan, Carpenter, Cooper, Laughrun, Lewis, Lowery, Mull, Penland, and Reel filed a Motion for Extension of Time to answer the Complaint, which was granted until January 9, 2019. (Doc. No. 24).

Meanwhile, Plaintiff filed an Amended Complaint that was docketed November 16, 2018, (Doc. No. 21), that passed initial review on Plaintiff's allegations regarding the conditions of confinement against Defendants Ball, Buchanan, Carpenter, Carroll, Cooper, Doe, Guice, Lewis, Lowery, Perry, Reel, and Solomon, due process claims against Defendants Doe, Carroll, and Mull, and retaliation claims against Ball, Penland, Taylor, and Laughrun. (Doc. No. 23). On January 28, 2019, NCDPS filed a waiver of service executed by Defendant John Doe (signed by Defendant T.K. Penland), and Defendant Carrol. (Doc. No. 31). The Court ordered the U.S. Marshal to serve Defendant Solomon with the Amended Complaint, (Doc. No. 35), and he was served on February 1, 2019, (Doc. No. 38).

A return of service was docketed on February 22, 2019, indicating that Defendants Ball, Guice, Perry, and Taylor were served with the Complaint on February 20, October 15, November 2, and October 15, respectively. (Doc. No. 47). Plaintiff filed a Declaration for Entry of Default Against Defendants Guice, Taylor, and Perry on March 6, 2019 (docketed March 11, 2019), arguing that more than 21 days had elapsed since Guice, Taylor, and Perry were served, and they had not filed answers. (Doc. No. 49). Defendants Ball, Carroll, Guice, Perry, and Taylor filed an Answer to Amended Complaint on March 13, 2019. (Doc. No. 48). Plaintiff has also filed a Motion for Default Judgment Against Defendants Guice, Taylor, and Perry, (Doc. No. 55), arguing that these Defendants did not file answer until more than 60 days elapsed.

2

Defendants Guice, Perry, and Taylor have filed a Response in Opposition, (Doc. No. 50), arguing *inter alia* that these Defendants were never served with the Amended Complaint as required by Rule 5(a)(1)(B) and default is not appropriate under Rule 55(a) and, in any event, they have now filed an Answer. Plaintiff filed a Reply reiterating his prior arguments. (Doc. No. 53). Plaintiff has also filed a Declaration for Entry of Default Against Defendant Doe, (Doc. No. 54), and a Motion for Default Judgment against Defendant Doe, (Doc. No. 56), arguing that more than 60 days have elapsed since service and that Defendant Doe has failed to answer.

Plaintiff's Motions seeking default against Defendants Guice, Taylor, and Perry are denied for the reasons set forth in Defendants' Response. See (Doc. No. 50). Even if the Amended Complaint was properly served, the Court would deny default in favor of a trial on the merits. See generally Fed. R. Civ. P. 55; United States v. Shaffer Equip, Co., 11 F.3d 450, 453 (4th Cir. 1993) (noting the "strong policy" that cases be decided on their merits" and listing the factors that must be considered before a court exercises its inherent power to dismiss). Plaintiff's Motions seeking default against Defendant Doe is meritless because the service waiver for that Defendant was executed by T.K. Penland, who timely filed an Answer on January 9, 2019. (Doc. No. 27).

Also pending are Plaintiff's Motions for Leave to Respond in Opposition of Answer of Defendants Ball, Guice, Perry, Taylor, and Carroll, (Doc. No. 51), and Defendant Solomon, (Doc. No. 52), arguing that these Defendants have gone beyond mere denial of Plaintiff's claims and made contentions that are factually untrue, and to which he would like to respond. Rule 12(f) provides that the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matters." Fed. R. Civ. P. 12(f). the Court may act on its own or on a motion by a party. Id. Liberally construing these *pro se* Motions, it appears that Plaintiff is seeking to strike portions of the Answers. However, he has failed to demonstrate that

3

any portion of the Answers are insufficient, redundant, immaterial, impertinent or scandalous. Therefore, Plaintiff's Motions will be denied.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Leave to Respond in Opposition of Answer of Defendants Ball, Guice, Perry, Taylor, and Carroll, (Doc. No. 51), is **DENIED**.

2. Plaintiff's Motion for Leave to Respond in Opposition of Answer of Defendant Solomon, (Doc. No. 52), is **DENIED**.

3. Plaintiff's Declaration for Entry of Default Against Defendants Guice, Taylor, and Perry, (Doc. No. 49), is **DENIED**.

4. Plaintiff's Declaration for Entry of Default Against Defendant Doe, (Doc. No. 54), is **DENIED**.

5. Plaintiff's Motion for Default Judgment Against Defendants Guice, Taylor, and Perry (Doc. No. 55), is **DENIED.**

6. Plaintiff's Motion for Default Judgment against Defendant Doe, (Doc. No. 56), is **DENIED**.

Signed: August 7, 2019

Frank D. Whitney
Chief United States District Judge