UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-89-FDW

| | |
|---|---|
| JORDAN ANDREW JONES, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )    **ORDER**<br>) |
| GEORGE T. SOLOMON, et al., | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion for Free Access to PACER, (Doc. No. 66).

Plaintiff, who is incarcerated and proceeding *in forma pauperis* in this civil rights action, seeks free access to the Public Access to Court Electronic Records ("PACER") system. Plaintiff alleges that he has no access to a law library, the internet, or any other means of conducting legal research or reviewing his case, and that he cannot afford PACER. He requests free PACER access on behalf of his mother, who does have internet access and is able to review some records upon Plaintiff's request.

The most recent version of the Electronic Public Access Fee Schedule[1] provides that parties in a case, including *pro se* litigants, receive one free copy of all documents filed electronically. The Fee Schedule provides that no fee is charged for access to judicial opinions or for viewing case information or documents at courthouse public access terminals. Further, the Fee Schedule

---

[1] See https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule, (effective Jan. 1, 2020), accessed March 18, 2020.

1

provides for discretionary fee exemptions for indigents. In considering granting an exemption, courts must find that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information. "Exemptions from PACER user fees are uncommon [and] [i]n forma pauperis status alone does not support a request to waive PACER fees." Katumbusi v. Gary, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014).

Plaintiff, as a *pro se* litigant, has been provided paper copies of all pleadings, documents, and orders in his case pursuant to this Court's Administrative Procedures Governing Filing and Service by Electronic Means.[2] His mother can obtain free PACER access to judicial opinions, information and documents viewed at courthouse public access terminals. Moreover, Plaintiff is presently represented by NCPLS for purposes of discovery and can, presumably, access any relevant documents through counsel. Plaintiff has failed to demonstrate that a discretionary fee exception is necessary and, therefore, his Motion seeking fee PACER access will be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Free Access to PACER, (Doc. No. 66), is **DENIED**.

Signed: March 21, 2020

Frank D. Whitney
Chief United States District Judge

---

[2] See https://www.ncwd.uscourts.gov/sites/default/files/general-orders/ADMINORDER_2.pdf (rev. Jan. 1, 2018).

2