IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00089-MR

JORDAN ANDREW JONES, )
)
        Plaintiff, )
)
vs. )
)
)
GEORGE T. SOLOMON, et al., )
)
        Defendants. )
_____ )

## PRETRIAL ORDER AND CASE MANAGEMENT PLAN

**IN ACCORDANCE WITH** the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Pretrial Order and Case Management Plan in this matter.

I.

A.    TRACK ASSIGNMENT: This case is assigned to the STANDARD Case Management Track.

II.

A.    USE OF DEPOSITIONS AT TRIAL: If depositions were taken during the discovery period which the parties intend

to use at trial, the parties are directed to exchange page/line designations and to resolve any objections thereto prior to the bench trial. In the event that video depositions are taken, the parties are directed to edit the video accordingly so that the video may be shown without interruption. Any objections to designations of deposition testimony (whether such testimony is presented in written form or through a video recording), which cannot be resolved by the parties themselves, must be raised in time to be addressed at the beginning of the bench trial. Failure to do so will result in objections being deemed to be waived.

B. Depositions taken for the sole purpose of preserving testimony for trial are not considered discovery for the purposes of this section provided that: 1) the witness will be unavailable for trial for one of the reasons set forth in Rule 32(a)(3); 2) the reason for such unavailability is that the witness resides outside the subpoena power of this Court and the party seeking to take such deposition has failed, after making a good faith effort, to obtain a

commitment from the witness to testify at trial voluntarily; and 3) such deposition can be concluded in time so that the portions of the deposition to be used at trial can be designated and objections thereto resolved at the beginning of the bench trial. Such depositions should be presented at trial by video recording whenever possible.

### III. TRIAL PROCEDURES

A. TRIAL SUBPOENAS: The parties must subpoena all witnesses <u>at least fourteen (14) days before the day on which the Clerk of Court has set the case for trial</u> (Trial Date). The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

B. PARTIES' DUTIES PRIOR TO TRIAL: <u>One week before the Trial Date</u>, the parties shall:

(1) Discuss the possibility of a settlement;

(2) Exchange copies of exhibits or permit inspection if copying is impractical;

(3) Number and become acquainted with all exhibits;

(4) Agree upon the issues to be submitted to the jury (if a jury trial has been requested), reduce such issues to writing in the form of a proposed verdict sheet, and file such proposal with the Court. If the parties cannot agree upon the wording of the proposed verdict sheet, each party is directed to file his/her own version with the Court; and

(5) Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

C. PROPOSED JURY INSTRUCTIONS: If a jury trial has been requested, the parties shall submit proposed jury instructions <u>no later than one (1) week before the Trial Date or the business day immediately preceding the final pretrial conference, whichever is earlier</u>. Additional instructions may be submitted during the trial as circumstances may require. The parties should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction <u>must</u> contain a

supporting citation as a footnote. A proposed instruction without a supporting citation will not be considered. Boilerplate introductory instructions are not required to be submitted.

D. PRE-TRIAL FILINGS: The parties are to file the following with the Court:

(1) <u>No later than fourteen (14) days prior to the Trial Date</u>, each party shall file any motions *in limine.* Responses to any such motions must be filed <u>no later than seven (7) days prior to the Trial Date</u>.

(2) <u>No later than one (1) week before the Trial Date</u>, the parties shall file with the Court:

(a) The issues and stipulations as called for in Paragraphs B(4) and (5) above;

(b) The line and page designations of any depositions that the parties intend to introduce at trial. The parties should be prepared to address any objections to such designations at the beginning of the bench trial. Thus, a copy of the transcript excerpts necessary for the

Court to understand such designations and objections must be filed with the Court no later than two (2) business days before the bench trial;

(c) A trial brief addressing all questions of law and any anticipated evidentiary issues. Such trial brief shall not exceed 25 pages and shall be double-spaced. To the extent practicable, such brief should be in at least 14-point type; and

(d) Proposed jury instructions, as described above, or in the event of a non-jury case, proposed findings of fact and conclusions of law.

(3) No later than the business day immediately preceding the Trial Date, each party shall file the following documents with the Clerk of Court:

(a) A witness list containing the name of every proposed witness. Any person not so named on a witness list will not be allowed to testify

6

absent a showing of good cause. Each witness list must identify those witnesses who will be testifying live and those who will be testifying by deposition. Each witness list also must identify all witnesses who will appear at trial pursuant to a trial subpoena;

(b) A statement of the education, experience, and qualifications of each expert witness, including the particular field in which the party intends to qualify the witness as an expert. The statement should also indicate whether the parties have stipulated to the qualifications of each expert witness;

(c) Stipulations concerning the authenticity and admissibility of as many proposed exhibits as possible; and

(d) An exhibit list. The exhibit list should not include any exhibits for which there is a very low likelihood that they will be introduced. Further, the exhibit list should designate each

exhibit individually; the use of group exhibits (<u>e.g.</u>, designating a series of photographs as one exhibit) is discouraged. If necessary, the parties may supplement their exhibit lists at trial with additional exhibits upon a showing of just cause and a lack of surprise or unfair prejudice to the opponent.

E. EXHIBIT NOTEBOOKS: If any party intends to tender more than fifteen (15) documentary exhibits, that party shall prepare two (2) identical exhibit notebooks, or sets of exhibit notebooks, containing only those exhibits listed on the party's exhibit list. Exhibits which have a very low likelihood of being introduced and which have not been included on the party's exhibit list should not be included in the exhibit notebooks. The exhibit notebooks shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit separately (<u>i.e.</u>, no group exhibits) and shall numerically arrange each exhibit notebook, or set of exhibit notebooks. The exhibit notebooks are necessary so that the witness and the Court

can each have a set of exhibit notebooks in the event that technical difficulties prevent the parties from presenting their exhibits electronically. The parties may seek leave of Court to waive the requirement of exhibit notebooks where hard copies of the proposed exhibits would be voluminous or otherwise unwieldy or the preparation of such notebooks would be impractical.

F. FORMAT FOR EXHIBIT LIST: In preparing the exhibit list, the party separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

<u>Exhibit #</u>

<u>Description</u>

<u>Stipulation of Authenticity</u>

<u>Stipulation of Admissibility</u>

<u>Objection</u>

<u>Identified by</u>

<u>Admitted</u>

It is not necessary for the party to make entries in either the "Identified by" column or the "Admitted" column. The party

should only enter "Yes" or "No" for each exhibit in the columns regarding the stipulations of authenticity and admissibility.

G. JURY VOIR DIRE: The Court will conduct the entire voir dire in this matter. The parties will not question the jury.

H. SANCTIONS FOR FAILURE TO MEET DEADLINE FOR FILING: If any party fails to comply timely with any of the requirements set forth in this Order, the Court <u>may</u> impose sanctions, including but not limited to, a $50.00 per day fine assessed against that party or his/her counsel.

I. ASSESSMENT OF JURY COST: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified by 12:00 p.m. of the business day immediately preceding the Trial Date or the parties otherwise establish good cause why the Court should not assess jury costs against the parties. The

Court may set an earlier deadline by further Order. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

IV.

A. TRIAL DATE: Trial is scheduled to commence **WITH** a jury on or after **April 1, 2025**.

B. LENGTH OF TRIAL: Trial is anticipated to last **two (2)** days.

C. The Court utilizes a "mandatory strike method" for jury selection. Pursuant to this method, the Clerk will call 14 members of the jury pool into the jury box. The Court will then conduct the voir dire of the 14 prospective jurors. Each side will then be given the opportunity to make any motions with respect to the jury panel, i.e., challenges for cause. Motions to strike for cause will be decided based on motions/notes handed up to the bench. If any of the prospective jurors are stricken for cause, then those

members will be replaced with new members of the jury pool.

D. The Court will then conduct a voir dire of the new members of the 14 prospective jurors who have replaced the members who were stricken for cause. If there are any additional motions to strike for cause as to the new members of the panel they would be heard in the same manner as before at this time.

E. Once all 14 positions are filled with prospective jurors who have not been challenged for cause, then the parties will exercise their peremptory challenges in the following manner. First, the Plaintiff will be called upon to exercise one of its peremptory challenges. This will be initiated by the Court by saying: "What says the Plaintiff as to the jury panel?" After the Plaintiff has excused one juror, then the parties will exercise their remaining challenges for each side by alternating. In other words, after the Plaintiff has stricken one, then the Defendant will strike one, followed by the Plaintiff striking another, until the parties have used all of their peremptory challenges.

F.  Once all the peremptory strikes have been used by both sides, then there will only be 8 members of the 14 remaining. All eight will sit as jurors to decide the case. There will be no alternates. However, since only six jurors are required for a civil trial, if any one or two members of the jury are excused or dismissed after being empaneled, then the remaining jurors will decide the case.

G.  A district judge or magistrate may convene a settlement conference at any time.

V.

To the extent that any provision of the Local Rules conflict with this Order, this Order shall govern. This Order is subject to modification only by Order of this Court and may not be modified by agreements among the parties.

**IT IS SO ORDERED.**

Signed: December 11, 2024

Martin Reidinger
Chief United States District Judge