# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00089-MR

| | |
|---|---|
| **JORDAN ANDREW JONES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **GEORGE T. SOLOMON, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Motion to Seal and File Declaration of Counsel Ex Parte [Doc. 134] by Special Deputy Attorney General J. Locke Milholland, IV.

On August 15, 2024, the Court noticed the trial setting in this matter for the mixed term beginning on March 10, 2025.[1]  [See 8/15/2024 Docket Entry].  On December 11, 2024, the Court entered a Supplemental Pretrial Order in this case indicating that the trial is scheduled to begin on April 1, 2025. [Doc. 131 at 11].  The next day, the Court ordered that the final pretrial conference would be conducted on March 31, 2025.  [Doc. 132].  Defendant Taylor has moved to continue the trial setting.  [Doc. 133].  In support of the

---

[1] The docket entry regarding this setting, however, was unclear and suggested that the trial was set for a date certain to begin on March 10, 2025.

motion to continue, defense counsel Special Deputy Attorney General J. Locke Milholland, IV, states that he is unable to try this matter as currently set "[d]ue to existing private and personal family commitments." [Doc. 133 at 3]. Counsel further states that he will explain the nature of the conflict in more detail under seal and *ex parte* if allowed by the Court. [Id. at 4].

Now pending is defense counsel's Motion to Seal and File Declaration of Counsel Ex Parte in which he asks to file a Declaration of Counsel under seal and *ex parte* in support of Defendant's motion to continue. [Doc. 134]. In support of his motion to seal, defense counsel argues that good cause exists to allow the Declaration to be filed *ex parte* and under seal because it "contains matters of a personal nature of the attorney, has no bearing on any issue raised in the allegations, and is not in the public interest as intended by the [ ]Constitution." [Id. at 3]. Counsel further states that sealing is necessary to prevent public disclosure of private and personal information … that should not be revealed to the public for reasons of personal safety and security." [Id.]. Finally, counsel contends that there is no alternative to sealing because the information is necessary to support the requested continuance. [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable

opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to defense counsel's motion. Defense counsel filed the motion on December 23, 2024, and it has been accessible through the Court's electronic case filing system since that time.

Defense counsel has demonstrated that the subject Declaration likely contains personal and sensitive information regarding defense counsel and that the public's right of access to such information is substantially outweighed by defense counsel's competing interest in protecting the details of such information. Having considered less drastic alternatives to sealing this particular document, the Court concludes that sealing this record is necessary to protect defense counsel's privacy interests. The Court will also grant defense counsel's motion to file his Declaration *ex parte* at this time. Should this *ex parte* status ultimately be unwarranted based on the contents of the Declaration, the Court will revisit its ruling *sua sponte.*

As such, the Court will grant defense counsel's motion and allow him to file the Declaration of Counsel under seal and *ex parte*. Once the Declaration is filed, the Court will consider Defendant's motion to continue.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the Motion to Seal and File Declaration of Counsel Ex Parte [Doc. 134] by Special Deputy Attorney General J. Locke Milholland, IV, is **GRANTED** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: January 13, 2025

Martin Reidinger
Chief United States District Judge